All concur, except RAPALLO and ANDREWS, JJ., not voting.
Judgment affirmed.

---

HENRY G. CROUCH, Appellant, *v.* WILLIAM M. HAYES, as Treasurer, etc., Respondent.

The provision of the act of 1878 (§ 6, chap. 65, Laws of 1878), in reference to the collection of taxes in certain counties, which declares that the expense of publication of a notice of tax sale by the county treasurer " shall not exceed the sum of $2 for each newspaper so publishing " is not inconsistent with, and does not repeal the, provisions of the act of 1869 (Chap. 831), fixing the price for such publication; it is simply a limitation upon, and not an authority to the county treasurer to subject he property to an expense beyond that fixed by said act of 1869.

Where, therefore, a treasurer of one of the counties included in said act contracted for the publication of notices of tax sales at $2 for each parcel of land advertised, which was more than the amount allowed under said act of 1869, *held,* the contract was beyond the authority of the treasurer, and was not binding upon him in his official character, or upon his county.

(Argued December 19, 1884; decided February 10, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made May 2, 1882, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial, without a jury. (Mem. of decision below, 27 Hun, 222.)

This action was brought against defendant as treasurer of the county of Ulster, to recover the alleged contract-price agreed to be paid by him, as such officer, for publishing notices of tax sales in a newspaper of which plaintiff was the proprietor.

It appeared that the contract-price was more than the price for publication as fixed by chapter 831, Laws of 1869.

On the trial plaintiff admitted "that no claim is made against defendant individually."

*Wm. Lounsbery* for appellant. This action is maintainable against the county treasurer. ( *Van Hoevenburgh* v. *Hasbrouck,* 45 Barb. 197; 2 R. S. 474, § 98; 1 id. 384, § 6; id. [6th ed.] 926, § 6.) The act under which the publication took place was a private statute. (1 Kent's Com. 459.) The statute being a private statute, every provision deemed applicable to constitute the defense claimed must be specifically pleaded. (1 Kent's Com. 460.) The contract for the publication and the fixing of the compensation was a proper and equitable contract. (3 R. S. [6th ed.] 920, § 57; *Drew* v. *Mayor, etc.,* 3 Hun, 443.)

*J. Newton Fiero* for respondent. By the terms of the act of 1878 (Chap. 65, § 6), an imperative duty is devolved upon the county treasurer, in the performance of which he is merely

to follow the strict letter of the law, viz., to cause the notices to be published in a certain paper a specified time, and in the performance of that duty he acts ministerially. (5 Wait's Actions and Defenses, 17; *Morton* v. *Comp. Gen'l*, 4 S. C. 630; *Clark* v. *Miller*, 54 N. Y. 534; *Mills* v. *Dean*, 32 id. 489.) The defendant did not and could not bind the county by any agreement to pay in excess of the legal rate. (Laws of 1879, chap. 831; *Newman* v. *Sylvester*, 42 Ind. 106; *Mc-Donald* v. *N. Y. City*, 68 N. Y. 23; *Smith* v. *City of New-burgh*, 77 id. 136; *Alexander* v. *Cauldwell*, 83 id. 480.) Even if the treasurer was the agent of the county, he was not the agent of the parties interested, viz.: the owners or purchasers of the land who must pay the fee for the notice. (1 R. S. 970, § 133.) That officer cannot contract in such case so as to bind town. (*Overseers of Norwich* v. *Overseers of Pharsalia*, 18 N. Y. 341.) When the statute prescribes a way of payment, that way must be adopted. (*Vedder* v. *Sup't of Poor*, 5 Denio, 564; *Holmes and others, Overseers of Poor of Town of Nor-wich*, v. *Brown*, 13 Barb. 599; *Overseers of Poor* v. *Overseers of Pharsalia*, 15 N. Y. 341; *Hayes* v. *Simmons*, 9 Barb. 267; *Hudson* v. *Jefferson Co. Court*, 23 Ark. 359; 5 Wait's Actions and Defenses, 16.) The county treasurer, in auditing and pay-ing said bill, acts judicially, and therefore cannot be proceeded against by action. (*Holmes and others, Overseers of Poor of Town of Norwich*, v. *Brown*, 13 Barb. 599; *Overseers, etc., of Norwich* v. *Overseers of Pharsalia*, 15 N. Y. 341; *Hayes* v. *Simmonds and others*, 9 Barb. 267; *People* v. *Greene*, 44 How. 201, 205; *Boice* v. *Supervisors of Cayuga*, 20 Barb. 294; *People, ex rel. Hasbrouck*, v. *Seymour*, 21 How. 323; *People, ex rel. Francis*, v. *Common Council*, 78 N. Y. 39; *People, ex rel. Sherman*, v. *Supervisors of St. Lawrence*, 30 How. 181; *In re Thomas Murphy*, 24 id. 592; *People* v. *Vandevoort*, 24 Hun, 340; *Burnell* v. *Auditor of Portage Co.*, 12 Ohio, 54; *People* v. *Edwards*, 19 Barb. 472; *Fowler* v. *Pierce*, 2 Cal. 165; *McCauley* v. *Brooks*, 16 id. 11; *Scrann* v. *Buck*, 40 Miss. 268.)

*Per Curiam.* The compensation to which the plaintiff is entitled for publishing the advertisement of the tax sale in Ulster county is governed by chapter 831 of the Laws of 1869.

The provision in the sixth section of chapter 65 of the Laws of 1878, that "the publishing of the said notice is not to exceed the sum of $2 for each newspaper so publishing each of the several notices," is a limitation for the protection of the owners of property advertised for taxes and not an authority to the treasurer to subject the property advertised to expenses for advertising beyond the sum fixed by the act of 1869. The two acts are not inconsistent and are to be construed together. This conclusion leads to an affirmance of the order of the General Term.

The action is brought against the defendant in his official character, and the plaintiff disclaimed on the trial any right to charge him personally on the contract alleged. The contract was beyond the scope of his authority as treasurer and was not binding upon him in his official character or upon the county of Ulster. (*Boots* v. *Washburn,* 79 N. Y. 207.)

The order should be affirmed and judgment absolute for the defendant.

All concur, except EARL, J., not voting.

Order affirmed and judgment accordingly.