NELSON BUYCE, RESPONDENT, *v.* GEORGE BUYCE, AS COMMISSIONER OF HIGHWAYS OF THE TOWN OF WELLS, HAMILTON COUNTY, N. Y., APPELLANT.

*Pleadings — when an action will be held to have been brought against a defendant in his official capacity — repair of a bridge, under chapter 108 of 1858, as amended by chapter 442 of 1865 — the commissioner and the board of town auditors are to determine at what time the bridge became damaged*

In this action, commenced in a Justice's Court to recover upon a contract for the repair of a bridge in the town of Wells, the defendant was described in the title of the summons and complaint "as commissioner of highways in the town of Wells."

The plaintiff alleged in the complaint that he performed a contract for repairing a bridge across the river, on the road leading from Wells to Lake Pleasant, "by direction of defendant, at the price of two hundred and forty dollars, and said job was accepted by defendant, and the board (of town auditors) directed the money should be raised to pay said plaintiff, and that the same was paid to defendant to pay plaintiff."

*Held,* that it was plainly shown by the summons and complaint that the action was against the defendant in his official capacity.

By chapter 108 of 1858, as amended by chapter 442 of 1865, where a bridge is damaged by the elements or otherwise, after any town meeting, the commissioner, with the consent of the board of town auditors, may immediately cause it to be repaired, though the expenditure exceed $250.

*Held,* that the question as to whether or not the bridge became damaged after the town meeting was to be determined by the commissioner and the board of town auditors, and that the person contracting with the commissioner for the performance of the work was not required to investigate as to the time at which the bridge became damaged, but only to see that the consent of the board of town auditors had been given.

APPEAL from a judgment of the Hamilton County Court, in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the county judge before whom the action was tried.

The action was commenced in Justice's Court, before one of the justices of the peace of the county of Hamilton, and was brought by plaintiff to recover for work, labor and services. At the joinder of issue before said justice the plaintiff complained in a writing, of which the following is a copy :

## JUSTICE'S COURT.

CONRAD BAUMES, *Justice.*

NELSON BUYCE,

· *against*

GEORGE BUYCE, AS COMMISSIONER OF
HIGHWAYS IN THE TOWN OF WELLS.

Plaintiff, in complaint in the above entitled cause, alleges that, in the summer of 1886, he performed a contract repairing bridge across the river, on the road leading from Wells to Lake Pleasant, by direction of defendant, at the price of $240, and said job was accepted by defendant, and the board directed the money should be raised to pay said plaintiff, and that the same was paid to defendant to pay plaintiff. Plaintiff has performed labor and services paid on highways by request of defendant in the summer of 1886 to the amount of seventy-nine dollars and forty cents, and defendant has paid on said labor the sum of $125, leaving a balance due plaintiff the sum of $194.40 which plaintiff asks judgment for the same, besides costs of this action.

*Lee S. Anibal,* for the appellant.

*McKnight & Boyce,* for the respondent.

LEARNED, P. J.:

The plaintiff commenced his action in Justice's Court by summons against "George Buyce, as commissioner of highways of the town of Wells." He filed a written complaint in which the defendant was described in the same manner as in the title. In the body of the complaint he speaks of the defendant, not mentioning either name or title. But just as the word plaintiff in the complaint refers to the name in the title, so does the word defendant. It is as if the complaint read: "Nelson Buyce in complaint *·* * * alleges that * * *· by direction of George Buyce, as commissioner of highways of the town of Wells," etc. We think that the complaint distinctly shows that the action is against the defendant in his official capacity. There is a special allegation, viz.: That "the board

·directed the money should be raised to pay plaintiff, and that the same was paid to defendant to pay plaintiff." This indicates that the action was against him in his official capacity. We have examined the cases which defendant cites (*Gould* v. *Glass*, 19 Barb., 179), and ·similar cases. And they go far in support of his position. But in *Boots* v. *Washburn* (79 N. Y., 214), the court say that defendants were not named in the summons or complaint as commissioners of highways. Here defendant is so named in the summons and in the title. In *Smith* v. *Levinus* (8 N. Y., 472), the title of the complaint ·described plaintiff as supervisor, and then the complaint said : " The ·complaint of the plaintiff, *above named as supervisor*," etc. And, ·upon the whole, we think that it is plainly shown by the summons ·and complaint, in this case, that the action was against the defendant in his official character.

Another point is that the commissioner had no authority to repair ·the bridge. By chapter 103, Laws 1858, amended by chapter 442, Laws 1865, where a bridge is damaged by the elements or otherwise, ·after any town meeting, the commissioner, with the consent of the board of town auditors, may immediately cause it to be repaired, though the expenditure exceed $250. In the present case the work ·done was in repairing a pier of a bridge. The consent of the board ·was given. But defendant urges that the bridge had not been damaged after the town meeting. It is not in evidence that it did not become damaged after the town meeting. But who is to determine when a bridge becomes damaged ? Is it not plainly the commissioner ·and the board of auditors. They are the persons to whom the statute intrusts the duty of deciding. To say that the board and the commissioner may determine that a bridge has become damaged after the town meeting and may cause repairs to be made, and then that when the commissioner is called upon to pay for these repairs he may ask ·a jury to decide that the bridge was not so damaged — to say this would be unreasonable and unfair. (*Boots* v. *Washburn*, 79 N. Y., 213 ; *Clute* v. *Robison*, 38 Hun, 283.) The commissioner must have the right to cause work to be done in such case. The person who does it need only see to it that the board of town auditors consent. He is not to investigate the question at what time the bridge was damaged — whether before or after the town meeting. If his right to be paid were to depend on the decision of a jury upon that ques-

tion, he could not safely do the work.   We think the judgment should be affirmed, with costs.