## BRUNER *et al. v.* LEWIS *et al.*

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. HIGHWAYS—REPAIRS—POWERS OF TOWN AUDITORS.

 Laws N. Y. 1865, c. 442, provides that in case roads shall be destroyed after the regular town meeting, the commissioner of highways may, with the consent of the

town auditors, cause the roads to be immediately repaired, and that the expenses, with the proper vouchers, shall be presented at the next annual meeting for audit, etc. *Held,* that the action of the town auditors in giving leave to the highway commissioners in advance of the making of repairs to expend a named sum on the roads of the town, specifying the roads and the amount to be expended on each, was proper.

2. SAME—INJURIES OCCURRING AFTER TOWN MEETING.

In such case a finding in favor of the commissioners for moneys expended in repairing washouts, etc., happening after the annual meeting, will be sustained, although it appears that before such meeting the roads were in bad condition, where the evidence goes to show that the roads were greatly injured by a rainstorm which occurred after the annual meeting.

Appeal from special term, Westchester county.

Action by Peter Bruner and others against Michael Lewis and others as highway commissioners of the town of Westchester. Judgment was rendered dismissing the complaint, and plaintiffs appeal.

Argued before BARNARD, P. J., and PRATT, J.

*Baker & Risley,* for appellants. *Martin J. Keogh,* for respondents.

BARNARD, P. J. The defendants, as commissioners of the highways of the town of Westchester, applied to the board of town auditors for leave to expend the public money in repairing roads destroyed by storms after the date of the regular town meeting in the year 1888. The board of town auditors gave leave to expend $4,300 on the roads of the town, specifying the roads and the amount to be expended on each. This action is brought by the plaintiffs, as tax-payers, to prevent the expenditure of this money. The statute under which the town auditors acted is chapter 442, Laws 1865. This provides that in case roads shall be destroyed after the regular town meeting the commissioners of highways may "by and with the consent of the town auditors" cause the repair of the roads to be immediately made, and that the expenses, with the proper vouchers, shall be presented at the next annual meeting for audit, and that the amount of the audit shall be collected as other highway taxes are required to be. The board of auditors, under this law, were bound to consent before the repair was made. *Boots* v. *Washburn,* 79 N. Y. 207. The bills were to be audited after the expense was incurred. The consent was not improper, because it limited the expense of the repairs. Such action was proper, and no expenditure would be authorized beyond the actual necessary cost of the repair, although the appropriation or consent was for a larger expenditure.

The only remaining question is whether the evidence justifies the finding of the trial judge that the moneys were all expended in repairing "holes, gutters, and washouts," which were made after the annual town meeting held in March, 1888. The evidence is not very conflicting except in one particular. All the witnesses testify to the bad condition of the roads, but the main point of dispute seems to be this: they were as bad before town meeting as they were after. In the case above cited the expenditure was permitted to construct a bridge which had been carried away before the town meeting. The bulk of the evidence shows that the roads were injured greatly by the rain which followed the severe snow-storm which occurred before the town meeting, and about the middle of March, 1888. The supervisor of the town, the commissioner of highways, and one of the town auditors went over the roads after the rain-storm, and inspected the condition of the same before permission was given. The expenditure has been made as permitted by the town auditors, and the evidence seems to show that the roads are not in good condition yet. One of the commissioners, Flynn, testifies that the roads were not in good condition before the town meeting, and became much worse, and in places, dangerous, after the rain-storm which followed the snow-storm, as they were not so before the town meeting, he says. The testimony he gave as to the White Plains road, which was one where expenditures of money were

permitted, was: "The stone and sand and everything was completely washed out, and you had to get into the gutter to pass through." Under this state of the evidence, the findings of the judge seem to be well supported, and the judgment should therefore be affirmed, with costs. All concur.