CAMPBELL v. POWERS, Commissioner of Highways.

(Supreme Court, Appellate Division, Third Department. March 14, 1913.)

1. HIGHWAYS (§ 189*)—DEFECTIVE HIGHWAY—INJURIES—HIGHWAY COMMIS-
   SIONER—PERSONAL LIABILITY—STATUTES.

   Laws 1890, c. 568, § 16, now embodied in Consol. Laws 1909, c. 25, §
   74, providing that every town shall be liable for all damages to persons
   or property sustained by reason of any defect in its highways or bridges
   existing because of the neglect of any commissioner of highways of such
   town, requiring notice, etc., superseded Laws 1881, c. 700, relieving high-
   way commissioners from personal liability in such cases and restoring
   the right of an injured person to sue the commissioner individually,
   which existed prior to the act of 1881.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 478–480, 483;
   Dec. Dig. § 189.*]

2. HIGHWAYS (§ 96*)—HIGHWAY COMMISSIONER—SUIT—OFFICIAL CAPACITY.

   It is only in an action on contract, entered into by a highway commis-
   sioner by virtue of his office, that he must be sued in his official capacity.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 313, 314, 316,
   317, 319–322, 358; Dec. Dig. § 96.*]

3. HIGHWAYS (§ 198*)—DEFECTS—INJURIES—HIGHWAY COMMISSIONER—SUIT.

   Where, in an action for injuries caused by a defective highway, plain-
   tiff brought suit against the commissioner, the fact that plaintiff added
   defendant's title of office to his name, and that the body of the com-
   plaint alleged that he was a commissioner of highways to show that
   he had a duty to perform, did not make the action other than an indi-
   vidual one.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 504–507; Dec.
   Dig. § 198.*]

Appeal from Special Term, St. Lawrence County.

Action by Cornelius Campbell against Charles W. Powers, as Com-
missioner of Highways of the Town of Fine. From an interlocutory
judgment overruling a demurrer to the complaint, defendant appeals.
Affirmed.

See, also, 140 N. Y. Supp. 1112.

Argued before SMITH, P. J., and LYON, HOWARD, and
WOODWARD, JJ.

Walter G. Kellogg, of Ogdensburg, for appellant.

Vasco P. Abbott, of Gouverneur, for respondent.

PER CURIAM. [1] The action is to recover damages for injuries
sustained through a defective highway. The complaint alleges that the
defendant was commissioner of highways of the town in which the
highway was situated, and that he negligently permitted the same to
become out of repair, whereby plaintiff and his property were injured.
The defendant demurred to the complaint, on the ground that it did
not state facts sufficient to constitute a cause of action, in that the ac-
tion was brought against the defendant personally, instead of the town
of which he was commissioner of highways. The learned trial court
held that, notwithstanding the provisions of chapter 568 of the Laws of
1890, § 16, now embodied in section 74 of the Highway Law (Laws

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1909, c. 30 [Consol. Laws 1909, c. 25]), permitting an action to be brought against the town because of the neglect of its highway commissioner, one who is injured by reason of such neglect may, if he choose, bring action against the negligent highway commissioner individually.

The defendant urges that, inasmuch as chapter 700 of the Laws of 1881 provided that towns should be liable for damages suffered by reason of defective highways or bridges, in cases in which commissioners of highways were theretofore liable, instead of such commissioners, such immunity in favor of commissioners continues, notwithstanding the change in the wording of chapter 568 of the Laws of 1890; and that the remedy of one who is injured is confined to an action against the town itself. We think the learned trial court was correct in concluding that such was not the case; and that the demurrer to the complaint was properly overruled.

Prior to the act of 1881 a town was not liable for failure to keep the highways within its boundaries in repair, and no action could be maintained against it because of their defective condition. People ex rel. Van Keuren v. Town Auditors, 74 N. Y. 310. The highway commissioners of the town were responsible, however, when they had funds for repairs, or could obtain them, on the theory that they were public officers charged with a duty the omission of which gave rise to a cause of action to the injured party against them. Hover v. Barkhoof, 44 N. Y. 113; Robinson v. Chamberlain, 34 N. Y. 389, 90 Am. Dec. 713. The past and present situation with respect to this character of action is tersely expressed by Cullin, J., in Flansburg v. Town of Elbridge, 205 N. Y. 423, 98 N. E. 750, as follows:

"The commissioners [of highways] were under the statutory duty to care for and cause to be kept in repair the highways and bridges of the town (Laws 1890, c. 568, § 4), and the common law of this state gives a right of action against commissioners of highways, who act contrary to or omit to act in accordance with their duty, to a person injured thereby; and this right of action it is which the statute made maintainable against the town."

Prior to the statute it was the neglect of the highway commissioner which made him personally responsible, and under the statute it is his neglect which makes the town itself liable. Unless, therefore, the statute which permits the action to be brought against the town exempts him from liability, an action necessarily lies against him as the primary wrongdoer, at the election of the person injured. It may be conceded that, while chapter 700 of the Laws of 1881 was in force, an action could not be brought against the commissioner individually. The language of the statute is (section 1) that the several towns in this state shall be liable to any person suffering the same for all damages to person or property by reason of defective highways or bridges in such town, in the cases in which the commissioner or commissioners of highways of such town are now by law liable therefor, "instead of such commissioner or commissioners of highways." The commissioner of highways being a public officer, the Legislature had the right to exempt him from liability and impose such liability upon the town which he represented. The language quoted would indicate an intent so to do, inasmuch as a subsequent portion of the act provides for recovery

over by the town against the commissioner for any judgment which it shall have paid, as well as the assuming by the town of any judgment obtained against him, presumably, in actions then pending. The provision of law, however, with respect to the maintaining of actions against towns because of the neglect of the highway commissioner was radically changed by chapter 568 of the Laws of 1890. That act was a general codification of the highway laws of the state, and is entitled "An act in relation to highways," constituting chapter 19 of the General Laws. Most of the chapter consists, of course, of a classification and re-enactment of existing laws. Some new provisions are added, particularly with reference to the laying out of highways and the powers of highway commissioners thereunder. The language of the provision with respect to bringing actions against towns because of the neglect of its highway commissioner is changed, and a new provision is added. It is embraced in section 16, and reads as follows:

"Every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges existing because of the neglect of any commissioner of highways of such town. No action shall be maintained against any town to recover such damages unless a verified statement of the cause of action shall have been presented to the supervisor of the town within six months after the cause of action accrued; and no such action shall be commenced until fifteen days after the service of such statement."

It will be observed that the words "instead of such commissioner or commissioners of highways" are omitted, and that the provision with respect to notice is entirely new. While it is true that, where a law, antecedently to the revision of the statutes, is settled, either by clear expression in the statutes or by adjudications on them, the mere change of phraseology shall not be deemed or be construed as a change of the law (Davis v. Davis, 75 N. Y. 221), still we are of opinion that it was the intent of the Legislature to change the law and to withdraw the prohibition against suing the highway commissioner individually; and that the effect of the law of 1890 was to restore the right to the injured party to sue the commissioner individually, if he saw fit. The act is followed by a schedule of laws repealed, and chapter 700 of the Laws of 1881 is declared to be wholly repealed. The provision of section 16, requiring notice, is peculiarly significant, and establishes a condition precedent to the maintaining of any action at all against the town. It is very probable that the failure to give the required notice is the reason why the present action is brought against the commissioner individually.

[2, 3] The fact that the plaintiff has added the defendant's title of office to his name does not make the action other than an individual one. It is only in an action on contract, which the highway commissioner has entered into by virtue of his office, that he must be sued in his official capacity. Boots v. Washburn, 79 N. Y. 207. It was proper to allege in the body of the complaint that he was a commissioner of highways, for the purpose of showing that he had a duty to perform.

Our conclusion is that the plaintiff had a right to bring his action against the defendant personally, and that the demurrer to the complaint was properly overruled.

It follows that the interlocutory judgment must be affirmed, with costs, and with the usual leave to withdraw the demurrer and answer upon payment of the costs of appeal and of the trial court.

KELLOGG, J., not sitting.

———

In re NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Third Department. March 14, 1913.)

1. TAXATION (§ 496*)—ASSESSMENT—REVIEW—CERTIORARI—JURISDICTION.

Tax Law (Consol. Laws 1909, c. 60) § 293, provides that, if it shall appear on the return of a writ of certiorari to review any assessment complained of that it is illegal or erroneous or unequal, the court may order such assessment, if illegal, to be stricken from the roll, or, if erroneous or unequal, it may order a reassessment of the property of the petitioner or the correction of his assessment on the roll in whole or in part in such manner as shall be in accordance with the law, or as shall make it conform to the valuations and assessments of other property on the same roll, and secure the quality of assessment. *Held*, that the court is not authorized in striking an assessment from the roll merely because it is erroneous or unequal, but only in case it is illegal in the sense that it has been made by officers having no power to act.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

2. TAXATION (§ 496*)—ASSESSMENT—VALIDITY—ERRORS—REVIEW.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

Appeal from Special Term, Sullivan County.