(87 Misc. Rep. 207)

### DYE v. TOWN OF CHERRY CREEK.

(Supreme Court, Trial Term, Chautauqua County.   October, 1914.)

1. HIGHWAYS (§ 120*)—ACTIONS FOR INJURIES FROM DEFECTS—SUFFICIENCY OF COMPLAINT.

A complaint alleging that a town, through its officers, agents, and servants, caused the removal of a bridge in a highway, and erected in its place thereof a culvert, which was insufficient to carry the water, and that the water overflowed across the highway and upon plaintiff's lands, and that his damage was caused through the negligence, etc., of the town, stated a cause of action under Highway Law (Consol. Laws, c. 25) § 74, providing that every town shall be liable for damages to persons or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any town superintendent of such town, as it alleged a defect, and that the culvert was negligently constructed by the town officers, presumably including the town superintendent of highways.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 374–378; Dec. Dig. § 120.*]

2. HIGHWAYS (§ 120*)—LIABILITY FOR INJURIES FROM DEFECTS—OVERFLOWING
ADJOINING LAND.

The defects in a highway, for which the town is liable under Highway
Law, § 74, are not limited to defects interfering with travel on the high-
way, but include a culvert defective because insufficient to carry the
water, resulting in the overflowing of adjoining land.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 374–378; Dec.
Dig. § 120.*]

3. HIGHWAYS (§ 208*)—INJURIES FROM DEFECTS—ACTIONS—COMPLAINT.

Under Highway Law, § 74, providing, relative to the liability of towns
for damages caused by defects in highways or bridges, that no action
shall be maintained against any town to recover such damages unless a
verified statement of the cause of action shall have been filed with the
town clerk within six months after the cause of action accrued, a com-
plaint which failed to allege the filing of such verified statement as re-
quired was insufficient.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 522–525; Dec.
Dig. § 208.*]

Action by George C. Dye against the Town of Cherry Creek. On
motion by defendant for judgment on the pleadings. Motion granted.

L. L. Thrasher, of Jamestown, for the motion.
Richard A. Hall, of Cherry Creek, opposed.

POUND, J. The complaint alleges that defendant is one of the
towns of Chautauqua county; that plaintiff has the use of certain im-
proved lands therein; that along the westerly end of plaintiff's lands.
is a highway, which is crossed by a creek; that across the stream was
a bridge; that the opening under the bridge was ample to carry the
waters of the creek; that "heretofore, and on or about three years ago,
the defendant, through its officers, agents, and servants, caused the
removal of said bridge and erected in place thereof a culvert"; that the
culvert is insufficient to carry the waters of the creek; that the wa-
ters thereof overflow across the highway and onto plaintiff's lands, to
his damage; that such damage is "caused solely through the negli-
gence, mismanagement, misconstruction, carelessness, and wrongful
acts of said defendant."

[1, 2] Defendant moves to dismiss the complaint, on the ground
that it does not state facts sufficient to constitute a cause of action
against the town. Section 74 of the Highway Law reads as follows:

"Sec. 74. Liability of Town for Defective Highways.—Every town shall be
liable for all damages to persons or property sustained by reason of any de-
fect in its highways or bridges, existing because of the neglect of any town
superintendent of such town. No action shall be maintained against any town
to recover such damages, unless a verified statement of the cause of action,
including the time and place at which such injury is alleged to have been
received, shall have been filed with the town clerk of the town within six
months after the cause of action accrued. And no such action shall be com-
menced until fifteen days after the service of such statement."

The action can be maintained only by virtue of this statute, and the
first question is whether the complaint states facts showing (a) a de-
fective highway, (b) existing because of the neglect of the town super-
intendent. Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473.

Defendant urges that the town is not liable, because the statute was intended to cover no such liability as arises from the flooding of lands by the construction of inadequate culverts, but only such liability as results from defects in the highway, *interfering with travel along the same;* and it relies chiefly on Winchell v. Town of Camillus, 109 App. Div. 341, 95 N. Y. Supp. 688, affirmed without opinion in 190 N. Y. 536, 83 N. E. 1134. That was an action to recover damages for negligence in permitting a sluiceway across a highway under the traveled part thereof to become filled up, so as to set back surface water accustomed to flow through the same upon the plaintiff's premises. By a divided court it was held primarily that the failure of the commissioner to remove the rubbish from the sluice, so that the water could pass through, did not constitute negligence for which an action could be maintained against him, and that therefore the town was not liable. Williams, J., also says that the statute applies only to defects in the highway "interfering with travel along the same."

The case of Barber v. Town of New Scotland, 88 Hun, 522, 34 N. Y. Supp. 968, cited in the principal case, was based on a failure of the commissioner to repair and enlarge an old culvert, built many years before, by a stock company. In the opinion, Herrick, J., says:

"This is not a case where, by the building of a drain or sluiceway, waters have been concentrated together and cast upon the plaintiff's premises."

Neither of these cases, or any other case, seems necessarily to hold that the town cannot be charged unless the traveled surface of the highway is actually obstructed or interfered with. The occasional dictum that the term "defective highways" was used in the statute *solely* "in reference to their condition for public travel upon them" seems to have originated in Whitney v. Town of Ticonderoga, 127 N. Y. 40, 44, 27 N. E. 403, which is cited as authority for such proposition in the Barber Case, supra. In that case it was contended by the town that the negligence of the commissioner in leaving a road scraper in the highway did not create a "defective highway," for which the town was liable under the statute, because the surface of the highway remained undisturbed. It was held merely that:

"The impairment of a highway for public use may be no less such by an obstruction placed in it than by a physical disturbance or injury to the bed of the roadway."

Obviously this authority widens rather than narrows the construction of the statute, so as to impose liability upon the town for the negligence of the commissioner rather than to curtail such liability, and is wholly inapplicable to the case at bar.

In Ashberry v. Town of West Seneca, 58 Hun, 602, 11 N. Y. Supp. 306 (General Term, Fifth Dept., 1890), the town was held liable for the negligent act of the commissioner in obstructing a ditch and culvert so as to discharge waters on plaintiff's land. This case has never been discredited, and is not discussed in any of the cases involving negligent acts of omission or acts discretionary in their nature, presumably because a different principle is involved.

[3] Plaintiff's complaint alleges a culvert, defective because insufficient, negligently so constructed by the town officers, presumably including the town superintendent of highways, so as to divert a water course upon plaintiff's land. I think that to this extent he states a cause of action. The statute says "any defect," and plainly a defect is alleged. The complaint must, however, be dismissed, because it contains no averment that a verified statement of the cause of action was filed with the town clerk within six months after the cause of action accrued, as required by the statute. This is a fatal omission. Olmstead v Town of Pound Ridge, 71 Hun, 25, 24 N. Y. Supp. 615:

Judgment for defendant accordingly, with costs; but plaintiff may serve an amended complaint on payment of a full bill of costs within 10 days after service of order and notice of entry thereof.