NANCY H. BOWMAN, Appellant, *v.* THE TOWN OF CHENANGO, Respondent.

Third Department, May 17, 1918.

**Highways — liability of town for improper construction of and failure to remedy defects in culvert — neglect of duty by town superintendent — pleading — complaint.**

Complaint in an action against a town, under section 74 of the Highway Law, which alleges, among other things, that the plaintiff was the owner of real property situate in the town of the defendant, lying between a river and a highway; that by reason of improper construction and insufficient capacity of a culvert near plaintiff's property and the failure on the part of the defendant's duly elected town superintendent of highways to remedy this defect, it was insufficient to carry off water and that it was further hampered by permitting it to become filled up, and that while in that condition water backed up on plaintiff's lands injuring crops, etc., examined, and *held*, not to state a cause of action.

KELLOGG, P. J., and WOODWARD, J., dissented, with opinion.

APPEAL by the plaintiff, Nancy H. Bowman, from a final judgment of the Supreme Court, entered in the office of the clerk of the county of Broome on the 18th day of February, 1918, upon a decision of the court rendered after a trial at the Broome Special Term sustaining the demurrer interposed by the defendant to the complaint and dismissing said complaint.

*Merchant, Waite & Waite,* for the appellant.

*W. J. Welsh,* for the respondent.

Judgment affirmed, with costs, on the opinion of KILEY, J., at Trial Term. All concurred, except JOHN M. KELLOGG, P. J., dissenting, with memorandum, in which WOODWARD, J., concurred.

The following is the opinion of the court below:

KILEY, J.:

The complaint in this action alleges that the defendant is a municipal corporation, one of the towns of Broome county; that in June and July, 1917, it had a town superintendent of highways, duly elected, qualified and authorized to discharge the duties imposed upon him under the Highway Law of the State of New York; that he was required to construct and keep in repair sluices, culverts and bridges, and to keep culverts open so that they were adequate for the purpose for which they were required; that the plaintiff was the owner of real property situate in the town of the defendant lying between Chenango river and the highway in said town; that by reason of improper construction and insufficient capacity of the culvert near plaintiff's property, and the failure on the part of the town superintendent to remedy this defect, it was insufficient to carry off water which would naturally flow through it, and that it was further hampered in that direction by permitting it to become filled up with debris; that while in that condition it backed up water onto the plaintiff's lands, injuring crops and shrubbery to the amount of $1,350, for which amount she demands judgment against the said town of Chenango.

The defendant demurs to the complaint of the plaintiff "upon the ground that it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action."

The action is brought under section 74 of the Highway Law of this State, which was formerly section 16 of chapter 568 of the Laws of 1890.* The only difference between section

---

* See Gen. Laws, chap. 19 (Laws of 1890, chap. 568), § 16; Laws of 1908, chap. 330, § 74; Consol. Laws, chap. 25 (Laws of 1909, chap. 30), § 74, as amd. by Laws of 1913, chap. 389. Since amd. by Laws of 1918, chap. 161.— [REP.

16 of chapter 568 of the Laws of 1890 and the present Highway Law, which was amended in 1913 (Chap. 389), so far as the question herein involved is concerned, is the substitution of the words " town superintendent " in place of the words " commissioner of highways." Section 74, so far as pertinent here, reads as follows: " Every town shall be liable for all damages to persons or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any town superintendent of such town."

In *Whitney* v. *Town of Ticonderoga* (127 N. Y. 40) the court construed the term " defective highways " as " used in reference to their condition for public travel upon them, which their designation as highways imports, and in view of the purpose for which they are established and maintained."

In *Winchell* v. *Town of Camillus* (95 N. Y. Supp. 688) the plaintiff complained that the town through its commissioner of of highways permitted the sluiceway across the highway to become filled up so as to set back the surface water and overflow plaintiff's premises. Plaintiff recovered a judgment in that action in the trial court, which was reversed in the Appellate Division by a divided court holding the town was not liable. That case is also reported in 109 Appellate Division, page 341. In 190 New York, at page 536, the decision of the Appellate Division was affirmed, without opinion. In that case all of the elements appeared that are foreshadowed by the complaint in this action except the allegation of improper construction of the culvert.

In the case of *Barber* v. *Town of New Scotland* (88 Hun, 522) the question of improper construction and defective condition was up and considered, and in that case judgment for the plaintiff was reversed.

Plaintiff urges that the demurrer should not be sustained, and uses as her reason that her position has been sustained in the case of *Dye* v. *Town of Cherry Creek* (87 Misc. Rep. 207; affd., without opinion, 167 App. Div. 959).

That decision came up on a motion by the defendant for judgment on the pleadings. The complaint in that action alleged the overflow of plaintiff's lands caused by an insufficient and inadequate construction of a culvert across the highway, and also negligence in caring for the same.

Mr. Justice POUND, who heard the motion, in a very able opinion reviewed the cases hereinbefore referred to, and held that the complaint, in that regard, did state a cause of action, but sustained the demurrer to the complaint upon the ground that it contained no averment that a verified statement of a cause of action was filed with the town clerk within six months after the cause of action accrued. An appeal was taken to the Appellate Division where Mr. Justice POUND was affirmed as aforesaid.

I fail to see how the Appellate Division could do anything else but affirm the decision in that case. As an opinion was not written, what the Appellate Division might have to say as to the other ground not necessary to the decision, we do not know, and in view of the decisions as they exist upon this question, and the narrow construction given to section 16 of chapter 568 of the Laws of 1890, which are equally applicable to section 74 of the present Highway Law, I cannot see any other course to pursue except to sustain this demurrer.

Demurrer sustained, with costs.

JOHN M. KELLOGG, P. J. (dissenting):

The complaint shows that a dry creek, flowing in times of freshet, passed through a culvert under the surface of the highway. The culvert had sufficient capacity to take care of the water and prevent any injury to the plaintiff. We must infer that the watercourse was there before the highway, and it was the duty of the town to carry its highway over the creek in such a way that it would not dam up the creek and cause it to flood the adjoining property owners. It is alleged that the town negligently replaced the wooden culvert with a steel culvert of smaller capacity, improperly constructed, and placed so that it was not capable of discharging the water during a freshet, with the result that the highway dammed up the creek and caused it to overflow the plaintiff's land, to her damage. It also appears that the town, prior to the year 1917, had cleaned out the culvert twice a year, removing the stone, gravel and dirt which accumulated therein, in order to give more space for the water to pass, but that it had neglected to clean the culvert for many months prior to June 6, 1917, the time in question, and permitted an accumu-

lation of stone, gravel and dirt to impede the free passage of the water. In my judgment the complaint alleged a cause of action. (*Ashberry* v. *Town of West Seneca*, 33 N. Y. St. Repr. 431; *Dye* v. *Town of Cherry Creek*, 87 Misc. Rep. 207.)

WOODWARD, J., concurred.