MASON MILLENS, Plaintiff, *v.* TOWN OF GREENPORT and Others, Defendants.

Supreme Court, Ulster County, March 22, 1931.

*Arthur B. Ewig,* for the plaintiff.

*Coffin, Coffin & Inman* and *Connor & Eaton,* for the defendants.

McNamee, J. This action is brought to recover damages for injuries to an automobile truck while being driven over a town highway bridge spanning a stream which is the dividing line between the town of Greenport and the town of Claverack. The bridge is maintained by those towns; and the two individual defendants are respectively the superintendents of highways of said towns.

It appears in the first cause of action of the complaint that no verified statement of the cause of action has been filed with the town clerk and with the supervisor of the town of Greenport, at any time, as required by section 74 of the Highway Law (as amd. by Laws of 1918, chap. 161). The service of such a notice is a condition precedent to the maintenance of that cause of action against the town. Not only is it necessary to serve such a claim on the supervisor and town clerk, but an action against the town where there has been no such service is forbidden by the language of the statute. This has been consistently held. (*Brothers* v. *Town of Leon,* 198 App. Div. 144, 146; *Lutes* v. *Town of Warwick,* 149 id. 809, 810; *Dye* v. *Town of Cherry Creek,* 87 Misc. 207, 210; *Reining* v. *City of Buffalo,* 102 N. Y. 308, 310, 311; *Thrall* v. *Cuba,* 88 App. Div. 410.)

The plaintiff in the first cause of action, paragraph 13 of the complaint, alleges facts intended to show a waiver of the notice required by section 74 of the Highway Law. In the absence of the statutory notice of claim, the plaintiff has no cause of action against the town; and for that reason there is more involved than the mere waiver of a defense. In order to entitle the plaintiff to sue the town, when the notice was not served, it thus becomes necessary to remove this complete bar to plaintiff's action; and even though the powers of the supervisor and town clerk were not limited and purely statutory, it could not be said that these officers by waiver or agreement could subject the town to an action where no liability existed.

In the second cause of action the plaintiff pleads nuisance instead of negligence, thereby hoping to avoid, as against the town, the

necessity of the notice required by section 74 of the Highway Law above mentioned. At common law a town was not liable for the negligence of its highway superintendent, by whatever name called; this liability is purely statutory. (*Campbell* v. *Powers*, 155 App. Div. 862; *Winchell* v. *Town of Camillus*, 109 id. 341; 190 N. Y. 536.)

The statute gives an action for injury from defects in highways, " existing because of the neglect of any town superintendent of such town." And while a defect in the highway due to negligence of the superintendent, when allowed to continue, may well be a public nuisance, and actionable as such, the defect arises primarily from negligence. (*Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *McFarlane* v. *Niagara Falls*, 247 id. 340.) And accordingly, if plaintiff's claim arises out of negligence, and, therefore, within the statute, his claim was barred by failure to give the notice required; and if the claim arises on the theory of nuisance only, the statute gives no cause of action. On either theory no cause of action is pleaded against the town.

The motion to strike out the second cause of action based on nuisance must be denied. Both causes of action arise out of the same transaction, viz., the same state of facts, and are connected with the same subject of action, viz., the neglect of the individual defendants, and the object of both is to recover for the injury to plaintiff's personal property, and accordingly may be united properly in the same complaint. (Civ. Prac. Act, § 258, subds. 6, 9; *Ader* v. *Blau*, 241 N. Y. 7, 19, 20.)

There are a number of references in paragraphs 5, 7, 8, 11, 15 and 16 referring to the town of Greenport and the town of Claverack as defendants. In view of the decision to be made here, these references have no application. These references should be omitted in the amended complaint to be served.

An order may be entered striking out the town of Greenport as party defendant, and dismissing the action as to the town; and directing the service of an amended complaint within twenty days after the service with notice of entry of the order to be made, and directing further the omission from the complaint of references to the towns of Greenport and of Claverack as though parties to this action. The motion to strike out the second cause of action is denied.

Ten dollars costs are allowed to the defendants.