PLATT T. GOULD et al., Appellants, *v.* HENRY K. BOOTH et al., Commissioners, etc., Respondents.

Where commissioners of highway, in constructing an embankment upon a highway, omit to put therein a sufficient culvert to carry off the surface water from adjoining lands, their successors in office are not liable in a private action at the suit of the owner for injuries resulting from the accumulation of the water upon said lands caused by the embankment.

*It seems,* that commissioners, in grading highways, are not bound to provide a channel for the drainage of surface water; and are not liable for injuries resulting from their omitting so to do.

(Submitted March 27, 1876; decided April 25, 1876.)

THE nature of the action and the facts are sufficiently set forth in the opinion.

*George Miller* for the appellants. Defendants were liable for injuries from the accumulation of water on plaintiffs' lands, resulting from the embankment. (*Pixley* v. *Clark*, 35 N. Y., 520, 521; *Billows* v. *Sackett*, 29 Barb., 97; Domat, 616 [Cushion's ed.]; *Moran* v. *McClearns*, 63 Barb., 185; *Waffles* v. *N. Y. C. R. R. Co.*, 58 id., 413; Washb. on Easements [3d ed.], § 6, p. 450; *Kauffman* v. *Griesmer*, 26 Penn., 407; *Martin* v *Riddle*, id., 415; *Lattimore* v. *Davis*, 14 La., 161; *Bassett* v. *Salesbury, etc.*, 43 N. H., 569, 571; *Butler*

v. *Peck*, 16 Ohio, 334; *Beard* v. *Murphy*, 3 Vt.; *Sweet* v. *Cutts*, 50 N. H., 433; *Ogburn* v. *Conner*, 46 Cal., 346; 13 Am. R., 213; Ang. on W. C., § 108, p. 146.)

*Wm. Wickham* for the respondents.   Defendants were not liable for the injuries complained of. (*Garlinghouse* v. *Jacobs*, 29 N. Y., 297; *Bartlett* v. *Crozier*, 17 J. R., 439; *Smith* v. *Wright*, 27 Barb., 621; *Conrad* v. *Trustees of Ithaca*, 16 N. Y., 158; *Hickok* v. *Trustees of Plattsburgh*, 15 Barb., 427; *Goodall* v. *Tuthill*, 29 N. Y., 459; *Bowlsby* v. *Speer*, 2 Vroom, 351; *Parks* v. *Newburyport*, 10 Gray, 29; *Waffles* v. *N. Y. C. R. R. Co.*. 58 Barb., 413; *Dickinson* v. *Worcester*, 7 Al., 19; *Luther* v. *Win. Co.*, 9 Cush., 171; *Ashley* v. *Wallcott*, 11 id., 192; *Flagg* v. *Worcester*, 13 Gray, 601.

CHURCH, Ch. J.   This action is brought against defendants as commissioners of highways of the town of Southold, Suffolk county, to recover damages alleged to have been sustained by the plaintiffs by reason of an insufficient culvert in an embankment in a highway, to drain the surface water from the low lands of the plaintiff abutting thereon.   The plaintiff was nonsuited at the trial upon the ground that the public were not bound to provide a channel for the drainage of surface water.

I do not see how these defendants can be made liable in any event.   They did not put in the culvert, nor had they any personal connection with it.   The embankment was made and the culvert put in by their predecessors.   The most that can be claimed against these defendants is, that they neglected to put in a new culvert.   It is not shown that they had any funds in their hands applicable to this purpose, nor that the highway would be benefited by such a repair.   We have not been referred to any authority justifying such an action.   In *Garlinghouse* v. *Jacobs* (29 N. Y., 297) it was held that commissioners of highways are not liable in a private action for mere neglect or omission to keep the highways of their towns in repair.   To hold these officers liable not only to those travel-

ing the highways for injuries by reason of defects and imperfections either in the original construction or by getting out of repair, but also to abutting owners for consequential injury to their lands, would impose a liability more extensive than was ever contemplated, and one which has no just legal foundation to rest upon.

It is not absolutely needful, therefore, to consider the question upon which the nonsuit was granted, but we think it was right. It is well settled that the owner of land may improve it in any manner he sees fit, by filling up or otherwise, without liability to an adjoining owner by reason of surface water being thereby prevented from running off as before from his land. (20 N. Y., 466; 2 Vroom, 351; 10 Gray, 29.) The same principle, I apprehend, applies to the construction of highways by public officers. In grading a highway the abutting owners may be incommoded in this respect; but such inconveniences, when consequent upon the exercise of legal rights by others, are regarded as the natural consequence of the right to maintain highways, and are presumed to have been contemplated when the land was appropriated for that purpose, and afford no ground of action. Culverts and sluices are proper and necessary in highways, but their location and manner of construction are very much within the discretion of the public officers, and they should not be harassed by personal actions for injuries occasioned by inadvertence or error of judgment, nor for a mere omission to perform an act which, although proper or even necessary to prevent incidental injury, when the performance cannot be exacted as a legal right. (Angell on Water-courses, § 108, and cases cited.)

In this case it was quite proper to put a culvert in the embankment after it was raised, and one was put in, but it is alleged that it was not deep enough to drain the surface water from the plaintiff's land. I do not think the plaintiff had a legal right to demand that the defendants should lower it, and had no right of action if they refused.

It is very rare that public officers fail to properly perform

discretionary duties in these respects, but if they are remiss they may be superseded by others who are more vigilant. For such errors or omissions private actions will not lie.

The authorities relied upon by the counsel for appellants are not applicable. *Waffle* v. *The New York Central Railroad Company* (58 Barb., 413) merely decides that a person may drain his own land into a running stream without liability to an action, although such drainage causes, at times, an increase of the volume of water in the stream to the damage of owners below. *Moran* v. *McClearns* (63 Barb., 185) decides that an overseer of highways is liable for turning a natural water-course or the natural course of a surface-water drainage so as to cast the water upon the lands of an owner of lands abutting the highway where it had not been previously accustomed to flow. There it was held that the overseer committed a wrongful act by casting water upon another's land producing an injury, and it was held analogous to casting any other material there.

It is unnecessary to pass upon the correctness of that decision, as it was quite different from this. In the case at bar there was the exercise of a lawful act upon one's own premises, and the complaint is, that the plaintiff is thereby inconvenienced, in that the surface water which would otherwise have run over the highway, is now prevented, to some extent, from so doing. The authorities are uniform in maintaining a distinction between an interference with a running stream, and the exercise of lawful dominion over one's own property which consequentially interferes with surface drainage. (Angell on Water Courses, § 108, and cases cited; 29 N. Y., 459.)

The judgment must be affirmed.

All concur.

Judgment affirmed.