### NELSON E. WHITNEY, Respondent, v. THE TOWN OF TICONDEROGA, Appellant.

In the provision of the statute making towns liable "for all damages to person or property by reason of defective highways or bridges in such towns, in cases which the commissioner or commissioners of highways" were liable (§ 1, chap. 700, Laws of 1881), the words "defective highways" are used in reference to their condition for public travel, and within the meaning of the provision a highway may be rendered defective, no less by an obstruction placed in it, than by a physical disturbance or injury to the bed of the roadway.

*Hewison* v. *City of New Haven* (34 Conn. 136), distinguished.

The complaint in this action alleged in substance that defendant's highway commissioner carelessly placed and left a road scraper in a highway of the town, that plaintiff's cart in which he was traveling in the night time ran against the same and he was thrown out and injured. The answer admitted that the scraper was the property of the town, and alleged that defendant's said commissioner of highways "used due and proper diligence and care in the placing and leaving of said scraper to prevent accident, impediment or damage to passengers with horses and vehicles." The pleadings were put in evidence. *Held*, that subject to the qualification stated in the answer, the allegations therein might be treated as an admission that the scraper was under the control of and was left in the highway by defendant's commissioner of highways.

Reported below, 53 Hun, 214.

(Argued April 7, 1891; decided April 21, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 6, 1889, which affirmed a judgment in favor of the plaintiff, entered upon a verdict.

This action was brought to recover damages for personal injuries suffered by the plaintiff and alleged to have been occasioned by the negligence of the commissioner of highways of the defendant.

It appeared that on the evening of May 4, 1888, the plaintiff, in a Frazer cart, drawn by a horse driven by him in Main street, in the village of Ticonderoga, was thrown out and injured. He was going southerly, and after crossing a bridge over the outlet of Lake George, he pulled a little to the right, the horse sprang to the left, the wheel struck something on the right and the left wheel locked into and went over the wheel of another vehicle going north. He was thrown out to the right. Upon the street near the right sidewalk at that place was a road scraper used for working highways. It was an apparatus having four wheels, was upward of four feet in width and, exclusive of the pole, something more than seven feet in length. The end of the pole or tongue was ninety feet from the bridge, and the north end of the body of the scraper was eleven feet further south. The width of the roadway of the bridge was eighteen and one-half feet, divided into two tracks by a partition timber in the center; the width of the street for ninety feet south of the bridge continued about the same, and there it commenced to widen and continued to do so until it reached the width of sixty-six feet. The evidence tended to prove that at the place where the body of the scraper was the distance between the sidewalks was about thirty feet, but the divergence of the outer line was on the east side only.

Further facts appear in the opinion.

*Richard L. Hand* for appellant. No ground for liability on the part of the defendant was shown. (Laws of 1881, chap. 700.) There being no evidence of any defect in the highway, no liability on the part of the defendant was shown. (*People*

v. *Town Auditors,* 74 N. Y. 310; 75 id. 316; *Whitaker* v. *Masterton,* 106 id. 277; *Fitzgerald* v. *Quann,* 109 id. 441; *Ray* v. *City of Manchester,* 46 N. H. 59; *Hewison* v. *City of New Haven,* 34 Conn. 136; *Hixon* v. *City of Lowell,* 13 Gray, 59; *Vinal* v. *Dorchester,* 7 id. 421; 1 R. S. 501, 503, 521, §§ 1, 6, 102; *Farman* v. *Town of Ellington,* 46 Hun, 41; *Smith* v. *Wright,* 27 Barb 621.) There was no evidence of any negligence on the part of the defendant's commissioner of highways. (1 R. S. 504, § 11; *Wall* v. *B. W. W. Co.,* 18 N. Y. 119; *Youngs* v. *Kent,* 46 id. 672; *Griffin* v. *L. I. R. R. Co.,* 101 id. 348; *Vanderbilt* v. *Schreyer,* 21 Hun, 537; *N. C. Bank* v. *Westcott,* 118 N. Y. 468; *Luby* v. *H. R. R. R. Co.,* 17 id. 131; *Tisdals* v. *D. & H. C. Co.,* 116 id. 416; *Bidwell* v. *Town of Murray,* 40 Hun, 190.) The nonsuit should have been granted on the fourth ground of the motion therefor, viz. : Because the plaintiff's injuries were caused by a collision with another carriage met in the street, and the road machine had no connection with this collision. (*Ring* v. *City of Cohoes,* 77 N. Y. 83; *Searles* v. *M. R. R. Co.,* 101 id. 661; *Taylor* v. *City of Yonkers,* 105 id. 202; *Stacy* v. *Town of Phelps,* 47 Hun, 54.)

*Chester B. McLaughlin* for respondent. The appeal is from the judgment entered upon verdict, and it must be determined solely upon the exceptions taken upon the trial. (*T. A. R. R. Co.* v. *Ebling,* 100 N. Y. 98; *Burke* v. *Witherbee,* 98 id. 565; *Sweeney* v. *P. & J. E. Co.,* 101 id. 522; *Kenney* v. *City of Cohoes,* 100 id. 623.) The highway in question was defective. (*Hume* v. *Mayor, etc.,* 74 N. Y. 273; *Ring* v. *City of Cohoes,* 77 id. 83; *Eggleston* v. *C. T. Co.,* 18 Hun, 146; 82 N. Y. 278; *Champlin* v. *Village of Penn Yan,* 34 Hun, 33; 102 N. Y. 680; *Ivory* v. *Town of Deerpark,* 116 id. 476; *Maxim* v. *Town of Champion,* 50 Hun, 88; 119 N. Y. 626; *Embler* v. *Town of Wallkill,* 32 N. Y. S. R. 700; *Ayer* v. *City of Norwich,* 12 Am. Rep. 396; *Young* v. *City of New Haven,* 39 Conn. 337; S. & R. on Neg. § 338; *Pedrick* v. *Bailey,* 12 Gray, 161; *Morse* v. *Richmond,* 41 Vt.

435; *Winship* v. *Enfield*, 42 N. H. 197; *Bartlett* v. *Hookset*,. 48 id. 18; *Burrell* v. *Town of Uncapher*, 117 Penn. St. 353; *North Menheim* v. *Arnold*, 119 id. 380; *Grove* v. *City of Fort Wayne*, 45 Ind. 429; *Foshey* v. *Glen Haven*, 25 Wis. 288; *Philip* v. *Town of Willow*, 70 id. 6.) The highway was defective and made so by reason of the negligence of defendant's commissioner of highways. (*Clark* v. *Dillon*, 97 N. Y. 370; *Conner* v. *Keese*, 105 id. 643; *Trimmer* v. *Hiscock*, 27 Hun, 364; *Miller* v. *McCloskey*, 1 C. P. 252; *Waggoner* v. *Millington*, 8 Hun, 142.) If the ownership and placing of the scraper in the highway are not admitted by the pleadings, then there is abundant evidence to sustain the verdict that the scraper was owned by the town and was placed in the highway by defendant's commissioner. (*Mott* v. *C. I. Co.*, 73 N. Y. 543; *Pore* v. *Allis*, 115 U. S. 370; *C. R. R. Co.* v. *Ohle*, 117 id. 123.) Even if plaintiff was thrown from his cart by colliding with the wagon going in the opposite direction, defendant is still liable, because the defect in the road was the proximate and immediate cause of injury. (*Ivory* v. *Town of Deerpark*, 116 N. Y. 486; *Ring* v. *City of Cohoes*, 77 id. 83.) The question of funds could not be raised. (*Bidwell* v. *Town of Murray*, 40 Hun, 192; *Hines* v. *City of Lockport*, 50 N. Y. 236; *Hover* v. *Barkhoff*, 44 id. 113; *Warren* v. *Clement*, 24 Hun, 472; *Bryant* v. *Town of Randolph*, 24 N. Y. S. R. 825; *Ivory* v. *Town of Deerpark*, 116 N. Y. 476.)

BRADLEY, J. The evidence warranted the conclusion that without fault of the plaintiff his injury was occasioned by the road scraper in the street. At the time of the occurrence it was dark, and the plaintiff had no knowledge that the machine was there. In its absence the street was suitable for driving up near to the sidewalk. The only right of action against the defendant is that furnished by the statute which provides that "the several towns in this state shall be liable to any person suffering the same, for all damages to a person or property by reason of defective highways or bridges in such towns, in cases

which the commissioner or commissioners of highways of said towns are now by law liable therefor, instead of such commissioner or commissioners of highways." (L. 1881, ch. 700, § 1.)

It is urged on the part of the defendant that the street in question was not defective within the meaning of the statute, because there was no defect in the bed of the road. It is true that there was no defect in the structure of the roadway, but the highway, as such, was in a defective condition. The term "defective highways" was used in reference to their condition for public travel upon them, which their designation as highways imports, and in view of the purpose for which they are established and maintained. And the impairment of a highway for public use may be no less such by an obstruction placed in it than by a physical disturbance or injury to the bed of the roadway. In either case the highway is in a defective condition, and evidently such condition is within the meaning of the term "defective highways," as used in the statute. There was nothing contrary to these views in the doctrine of *Hewison* v. *City of New Haven* (34 Conn. 136). To charge the defendant with liability in the present case it was essential that the plaintiff's injury be attributable to the negligence of the commissioner of highways of the town; and whether or not that fact was supported is the main question. The plaintiff in his complaint alleged in substance that the highway commissioner carelessly placed and left the scraper in the highway thus causing the injury. And by its answer the defendant alleged that the road scraper mentioned in the complaint was the property of the town or of the road district in which was Main street; that the scraper was at the time and place of the alleged injury upon the west line of the highway outside the portion of it travelled by teams; and "that defendant's said commissioner of highways used due and proper diligence and care in the placing and leaving of said scraper to prevent accident, impediment or danger to passengers with horses and vehicles upon said highway." The pleadings were put in evidence at the trial. It was necessary to make it appear that the commissioner left the machine where it was at the time of the injury

or caused it to be placed there or knowing it was at that place permitted it to remain there. The only evidence upon that subject in addition to the matters alleged in the answer is in the fact that subsequent to the accident and after the scraper had been removed from there the commissioner pointed out to a witness the place where it was in the highway at the time in question. While the averment in the answer was not in express terms that the commissioner put the scraper at that particular place, such in view of the allegations in the complaint was fairly its import notwithstanding the denial by the answer, except as therein admitted, of the allegations of the complaint. And when the pleadings took their place with other evidence upon the trial, the question whether he "used due and proper diligence and care in the placing and leaving " the machine there was subject to such qualification as the circumstances presented by the evidence might furnish. And from them the conclusion was warranted that the requisite care was not and could not have been observed for the safety of public travel in leaving the scraper at that place in the highway. If the commissioner did not have the control of the scraper and had not caused it to be placed and left where it was at the time of the plaintiff's injury, there was no occasion for the defendant to insert in its answer the matter before mentioned in that respect. The allegation was such as to relieve the defendant and its supervisor, who verified the answer, from the imputation of denial of the fact that the scraper was left there by the commissioner. And subject to the qualification stated in connection with it, the allegation may be treated as an admission that it was left at that place by him. (*People* v. *Northern Railroad Co.*, 42 N. Y. 217; *Clark* v. *Dillon*, 97 id. 371.)

Then, as the commissioner had the care and superintendence of the highways in the town, and was charged with the duty of giving directions for repairing them and of causing them to be kept in repair (1 R. S. 501, § 1), and, as the scraper belonged to the town, or one of its road districts, and was employed in working the highways, it may properly have been under his control. (L. 1883, ch. 398; L. 1886, ch. 344.)

And that fact, in view of the matter so alleged in the defendant's answer, tended to furnish the inference that the commissioner had the control of the machine and left it at the place in question, and the jury were permitted to consider, by way of its corroboration, the omission of the defendant to call him as a witness or to offer any evidence on the subject. (*Reynolds* v. *Sweetser*, 15 Gray, 78; *People* v. *Dyle*, 21 N. Y. 578; *Gordon* v. *People*, 33 id. 501.)

There was some evidence in support of every fact essential to recovery by the plaintiff, and the question of its weight is not here for consideration.

It follows that there was no error in the denial of the motion for nonsuit.

The judgment should be affirmed.

All concur, except PARKER, J., dissenting, and POTTER and BROWN, JJ., not sitting.

Judgment affirmed.