(109 App. Div. 341.)

### WINCHELL v. TOWN OF CAMILLUS.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. HIGHWAYS—MAINTENANCE—DUTIES OF TOWNS.
　　A town has no duty to perform as to the care of highways, and can be guilty of no neglect with reference thereto; but the duty of caring for highways is imposed on the commissioner of highways in his individual capacity as commissioner, and not as agent of the town.
　　[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Highways, § 323.]

2. SAME—ACTIONS FOR DAMAGES—BASIS OF LIABILITY.
　　Under section 16 of the highway law (Laws 1890, p. 1177, c. 568), providing that every town shall be liable for all damages to persons or property sustained by reason of any defect in the highways existing because of the neglect of its highway commissioner, the basis of the right to recover against a town for injuries sustained by reason of a defective highway is the neglect of the highway commissioner.

3. TRIAL—TAKING QUESTIONS FROM JURY—APPLICATION OF STATUTES.
　　It is the duty of the court to construe a statute, and to state whether a case resting on undisputed facts is within the statute; and it is error for it to decline to do so and to submit to the jury the application of the statute to the case.

4. HIGHWAYS—MAINTENANCE—DUTIES OF COMMISSIONER.
　　The commissioner of highways of a town does not owe a private owner the duty of providing a channel for the drainage of surface water, and his failure to remove rubbish from a sluice, so as to permit water to pass through the same, does not constitute actionable negligence.

5. SAME—NEGLECT OF COMMISSIONER—LIABILITY OF TOWN.
　　Section 16 of the highway law (Laws 1890, p. 1177, c. 568), providing that every town shall be liable for damages to person or property sustained by reason of any defect in a highway existing because of the neglect of its highway commissioner, applies only to defects interfering with travel along the highway, and does not apply to the failure of the commissioner to remove rubbish from a sluice under the traveled part of the highway, so that surface water is set back upon the premises of an adjoining owner.

　　McLennan, P. J., and Spring, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by David Winchell against the town of Camillus. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Edgcomb & Rafferty, for appellant.
J. R. Shea, for respondent.

WILLIAMS, J. The judgment and order should be reversed upon questions of law only, and a new trial granted, with costs to the appellant to abide event. The action is to recover damages for negligence in permitting a sluiceway across a highway under the traveled part thereof to become filled up, so as to set back surface water accustomed to flow through the same upon the plaintiff's premises.

The complaint, the briefs of both counsel, and the court in its charge, state that the action is for negligence of the defendant, the town. It is well settled, and has never been questioned, that a town has no duty to perform as to the care of highways, and can be guilty of no neglect with reference thereto. The law imposes the duty to care for highways upon the commissioner of highways, not as agent of the town, but in his individual capacity as commissioner. Formerly a recovery for defects in highways could only be had against the commissioner. Then in 1881, by chapter 700, p. 935, § 1, it was provided, if the commissioner was liable for neglect, an action could be maintained against the town, not by reason of any agency of the commissioner for the town, but merely because the statute so provided. Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240; Bryant v. Town of Randolph, 133 N. Y. 70, 30 N. E. 657; Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473. And the question for the jury was, not whether the town was negligent, but whether the commissioner was. No negligence of the commissioner was imputable to the town. The liability of the town was a creature of the statute merely.

In 1890 the highway law (Laws 1890, p. 1177, c. 568) was passed, and by that law the statute of 1881 was repealed. Substantially the same provision was substituted for it, however, as found in section 16 of that law, which is as follows:

"Every town shall be liable for all damages to person or property sustained by reason of any defect in the highways or bridges, existing because of the neglect of any commissioner of highways of such town."

The basis of the right to recover is here plainly stated to be the neglect of the commissioner, and not the town.

The trial court read this section to the jury, and then made the following statement to them:

"Now, it is the contention of the defendant in this case that the defects therein referred to only relate to the defects in the traveled portions of the highway, or defects affecting the traveler. Now, that contention is one which I leave with you, with other matters, as matter of fact to determine."

This statement in the charge was excepted to by the defendant's counsel, and the court was requested to charge that the defect complained of in the case was not one contemplated by section 16 of the highway law; but the court declined so to charge. The court did charge that no recovery could be had, except under the provision of this section. The jury evidently found as matter of fact that the defect complained of was within the provisions of this section; otherwise, they could not have rendered a verdict for the plaintiff.

We are unable to perceive how the legal meaning or effect of a statute can be a question of fact for a jury. We had supposed it

was always a question of law for the court. There was no dispute in this case as to what the defect was claimed to be, the stopping up of a sluiceway under the traveled part of the highway; and the damage resulting was, not to a traveler on the highway, but to an adjacent property owner, the setting of surface water back upon his land and damaging the same. The highway was in no way obstructed or interfered with so far as travel along the same was concerned. The defendant's contention was that the defects referred to in the statute related only to the traveled portion of the highway and affecting the traveler, and the court was asked to construe the statute and to instruct the jury as to its meaning, so they could follow those instructions in considering the evidence and deciding the case. The court declined to do this and left the jury to construe the statute, as a matter of fact and not of law. We think it was the duty of the court to pass upon questions of law, and that it could not properly refuse to do so. Very likely if the jury decided the law properly as a question of fact, the defendant was not prejudiced; but we think they went wrong, and held the defendant liable under this section, when it was not liable at all.

The court was requested to charge the jury that the defect complained of was not such a one as contemplated by section 16 of the highway law, but the court declined so to charge. This we think was erroneous, because, first, it was the duty of the court to tell the jury what the law was, and, second, the request correctly stated the law applicable to the case. The commissioner or highways of a town owes no duty to an adjoining owner to provide a channel for the drainage of surface water. Gould v. Booth, 66 N. Y. 62; Acker v. Town of New Castle, 48 Hun, 312, 1 N. Y. Supp. 223; Barber v. Town of New Scotland, 88 Hun, 522, 34 N. Y. Supp. 968. So that, if the action had been against the highway commissioner of this town for negligence, no recovery could be had.

The present commissioner did not build the road or construct the sluice in question. The sluice was put in by plaintiff, when he was overseer of highways, or pathmaster, so called. The only neglect, if any, complained of as to the present commissioner, was one of omission merely—failure to remove the rubbish from the sluice, so the water could pass through. Such omission did not constitute negligence for which an action could be maintained against him. But, even if it did, and a recovery could be had against the commissioner, still the town was not liable, because the statute was intended to cover no such liability, but only such liability as resulted from defects in the highway, interfering with travel along the same. This was plainly held in the case of Barber v. Town of New Scotland, supra. That action was like this in seeking to recover damages caused by the setting back of water by reason of a culvert under the traveled part of the highway being too small. It was held the highway commissioner would not be liable personally, and, if he was, the defect complained of was not one referred to in section 16 of the highway law. See, also, Robinson v. Town of Fowler, 80 Hun, 101, 30 N. Y. Supp. 25, which was an action to recover damages for injuries to a workman employed by the commis-

sioner of highways on the work of making the highway. While blasting was being done, a stone fell and struck and injured plaintiff. It is quite apparent that injury did not result from any defect in the highway. In Whitney v. Town of Ticonderoga, 127 N. Y. 40, 27 N. E. 403, which was an action brought to recover damages for injuries to a traveler resulting from the commissioner's leaving a scraper in the traveled part of the road, the court said the action could only be maintained by reason of section 1, c. 700, p. 935, Laws of 1881, and that "the term 'defective highways' was used in reference to their condition for public travel upon them, which their designation as highways imports, and in view of the purpose for which they are established and maintained." There was clearly no legal right to recover in this action, and it was erroneously submitted to the jury.

The motions for nonsuit should have been granted. All concur, except McLENNAN, P. J., and SPRING, J., who dissent in an opinion by McLENNAN, P. J.

McLENNAN, P. J., dissents upon the ground that the uncontradicted evidence establishes that the damages sustained by the plaintiff resulted from the negligence of the defendant's highway commissioner, for which it was responsible under the provisions of chapter 700, p. 935, of the Laws of 1881. Concededly the commissioner of the defendant constructed a sluiceway or culvert across and under the highway at the point in question, for the purpose of taking care of the water which might accumulate at that point and cause injury to the highway in that locality. It must be conclusively presumed that such culvert or sluiceway was made and constructed because the exigencies of the traveling public upon the highway required its construction. It seems to me wholly illogical to say that a town is liable for the negligence of its commissioner of highways, because of his neglect, for injury resulting from his failure to provide a reasonably safe roadbed, and that it is not liable for the acts of such commissioner in providing such safe roadbed, and we think no authority can be found which supports such contention. To illustrate: A commissioner may conclude that to raise an established highway 10 feet will increase its safety so far as the traveling public is concerned. If the grade at a particular point is thus raised negligently, and as a result the property of an abutting owner is injured because of water, the flow of which might have been cared for in the exercise of ordinary care and prudence, we think the commissioner under the former statute, and the town under the present statute, would be liable. Any construction of the statute is altogether too restricted which confines the liability of a town to the negligence of its commissioner in failing to provide a safe roadbed or highway for the public to travel upon, and which would relieve the town from liability for damages sustained by an abutting property owner occasioned by the acts of the highway commissioner in making such "safe roadbed or highway." Concededly in the case at bar the commissioner of the defendant constructed and for years maintained the sluiceway or

culvert in question for the purpose of preventing the accumulation of water upon or against the highway—constructed and maintained it for the purpose of making the highway suitable, or at least more suitable, for .public travel. Because of the highway commissioner's neglect in maintaining a structure which had been erected and was necessary for the proper preservation of the highway, the damages complained of resulted. The sole answer to plaintiff's claim made in that regard is that the defendant is not liable because the damages did not result to a traveler upon the highway, for which only it is urged the defendant is liable. We think such is not the proper interpretation of the statute imposing liability upon towns for the negligence of their highway commissioner resulting in injury. We may assume that, if the town or its highway commissioner in the construction of a highway did not make provision for carrying off water of an abutting owner, it would not be liable under the provisions of the statute; but we think it clear that where the highway commissioner undertakes to make such provision, upon and under which all parties have acted, he may not arbitrarily discontinue the provision thus made and thereby cause injury to an abutting owner. I can hardly conceive it possible that under the acts referred to the Legislature intended to provide that a town should be liable to a person traveling upon its highway for the negligence of its highway commissioner in permitting such highway to become defective and out of repair, and that such town would not be liable for the negligence of such commissioner, done to keep such highway in repair, and which resulted in injury to an abutting owner. As we have seen, in the case at bar the defendant's highway commissioner constructed the sluiceway or culvert in question for the purposes and convenience of the traveling public upon the highway, of which concededly he had charge. He negligently, as the evidence shows and as is practically conceded, permitted such sluiceway or culvert to become obstructed and remain so after notice given to him, with the result that the plaintiff sustained the damages complained for.

We may assume the correctness of the decisions cited in the prevailing opinion to the effect that a highway commissioner is not required by law to provide for taking care of the water coming from premises adjacent to such highway; but we think no case can be found which holds that where such commissioner has made provision he can at will discontinue it, and thus cause damage, without incurring liability. In the case of Ashberry v. Town of West Seneca, 11 N. Y. Supp. 306, a case decided in the General Term, Fifth Department, it was held that the highway commissioner (of a town) had no right to put an obstruction in the ditch, the immediate effect of which would be to precipitate the waters of the creek in times of freshet on plaintiff's land, and that it (the town) was liable therefor. It seems to me hardly useful to cite or to seek authority in support of the judgment in this case. The defendant's highway commissioner, for the sole purpose of making a suitable highway, constructed a culvert under it to take the water flowing from the adjacent premises. Such commissioner negligently permit-

ted such culvert under the highway, of which he had exclusive control, to become so filled up and obstructed that the waters, which except for such obstruction would have passed through it, set back upon the premises .of the plaintiff and caused the damages for which he complains. It seems to me clear that for such damages, resulting through the negligence of the commissioner of highways, the defendant is liable, precisely as if an injury had resulted to a traveler because of his failure to construct such sluiceway or culvert.

I think it is of no importance in this case that the learned county judge and the respective counsel during the course of the trial spoke of the negligence of the defendant town, rather than the negligence of the highway commissioner, as strictly should have been done. The statute imposing liability upon the town for the negligence of the commissioner was read to the jury, and no exception was taken by either party to the circumstance that the learned county judge spoke of the negligence of the town, when strictly he should have denominated the acts .complained of as the negligence of the highway commissioner. We conclude that upon the conceded facts established ·by the evidence in this case the highway commissioner of the defendant was guilty of negligence which resulted in injury to the plaintiff, and that it (the defendant) was liable for such negligence; that no error was committed by the county judge, or, at least, such as should be regarded as sufficient to call for a reversal of the judgment. Our conclusion is that .the judgment is right, that no error affecting the merits was committed in the course of the trial, and that it should be affirmed, with costs.

SPRING, J., concurs.

(109 App. Div. 449.)

FISHER v. CENTRAL VERMONT RY. CO.

(Supreme Court, Appellate Division, Third Department.   November 15, 1905.)

1. RAILROADS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

Where a person injured while walking across a railroad track had opportunity to look for approaching trains before crossing the track, his failure to do ·so was negligence on his part.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1046, 1047.]

2. SAME—RELIANCE ON PRECAUTION OF RAILROAD.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1071–1074.]

Chester, J., dissenting.

Appeal from Trial Term, Clinton County.