NANCY H. BOWMAN, Appellant, *v*. THE TOWN OF CHENANGO, Respondent.

**Highways — towns — liability of town for improper construction of culvert by town superintendent, causing flooding of adjacent land — pleading — sufficiency of complaint.**

1. At common law, commissioners of highways of towns were personally responsible for the negligent or wrongful performance of their duty. The right of action against commissioners who act contrary to or omit to act in accordance with their duty is by statute made maintainable against the town. It is not limited to acts or omissions which interfere with travel along the surface of the highway, but includes unlawful discharge of water on the lands of another by defective construction and care of culverts and sluices.

2. Where a complaint in an action against a town alleges in substance that a steel and concrete culvert, over a small dry creek, flowing in times of freshet, was so negligently constructed and maintained across

a highway by the defendant's superintendent of highways, in place of an adequate old wooden culvert, that on two occasions when rainstorms occurred it was inadequate to care for the water which flowed down the creek, causing it to back up and overflow upon plaintiff's land, thus damaging her property, such allegations sufficiently charge an unlawful act of the superintendent of highways and constitute a cause of action against the town under the statute (Highway Law [Cons. Laws, ch. 25], §§ 47, 75), since it alleges that the damages sustained were caused by reason of a defect in the culvert, which is a part of the highway, because of the neglect of the town superintendent. (Highway Law, § 74.) (*Winchell* v. *Town of Camillus*, 109 App. Div. 341; affd., without opinion, 190 N. Y. 536; *Whitney* v. *Town of Ticonderoga*, 127 N. Y. 40, explained; *Gould* v. *Booth*, 66 N. Y. 62, distinguished.)

*Bowman* v. *Town of Chenango*, 184 App. Div. 472, reversed.

(Argued December 8, 1919; decided January 6, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered June 13, 1918, affirming a judgment in favor of defendant entered upon an order of Special Term sustaining a demurrer to and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas B. Merchant* for appellant. The complaint states facts sufficient to constitute a cause of action. (*Whitney* v. *Town of Ticonderoga*, 127 N. Y. 40; *Winchell* v. *Town of Camillus*, 109 App. Div. 341, 190 N. Y. 536; *Ashberry* v. *Town of West Seneca*, 33 N. Y. S. R. 431; *Dye* v. *Town of Cherry Creek*, 87 Misc. Rep. 207; *Flansburg* v. *Town of Elbridge*, 205 N. Y. 423; *Lynch* v. *Town of Rhinebeck*, 210 N. Y. 101; *Byrnes* v. *City of Cohoes*, 67 N. Y. 204; *Noonan* v. *City of Albany*, 79 N. Y. 470; *Vogel* v. *City of New York*, 92 N. Y. 10; *Seifert* v. *City of Brooklyn*, 101 N. Y. 136.)

*Frederick W. Welsh* for respondent. A town is not liable to the owner of lands abutting upon a highway for damages to the abutting lands caused by a defect in the highway

or bridge. (*People ex rel. Van Keuren* v. *Town Auditors*, 74 N. Y. 315; *People ex rel. Everett* v. *Bd. of Suprs.*, 93 N. Y. 397; *People ex rel. Morey* v. *Town Board*, 175 N. Y. 397; *Markey* v. *County of Queens*, 154 N. Y. 675; *Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *Lynch* v. *Town of Rhinebeck*, 210 N. Y. 101; *Lane* v. *Town of Hancock*, 142 N. Y. 510; *McGuinness* v. *Vil. of West Chester*, 66 Hun, 356; *Winchell* v. *Town of Camillus*, 109 App. Div. 341; 190 N. Y. 536; *Whitney* v. *Town of Ticonderoga*, 127 N. Y. 40.)

POUND, J. Plaintiff's complaint alleges in substance that a steel and concrete culvert, over a small dry creek, flowing in times of freshet, was so negligently constructed and maintained across a highway by the defendant's town superintendent of highways, in place of an adequate old wooden culvert, that on two occasions when rainstorms occurred, it was inadequate to care for the water which flowed down the creek, causing it to back up and overflow upon plaintiff's land, thus damaging her property. Does it state a cause of action?

" The common law of this state gives a right of action against commissioners of highways, who act contrary to or omit to act in accordance with their duty to a person injured thereby, and this right of action it is which the statute (L. 1881, ch. 700, now § 75 of the Highway Law) made maintainable against the town." (*Flansburg* v. *Town of Elbridge*, 205 N. Y. 423, 428.)

The town superintendent of highways shall among other duties imposed on him in relation to the care and superintendence of highways, " construct and keep in repair sluices and culverts and cause the waterways, bridges and culverts to be kept open." (Highway Law [Cons. Laws, ch. 25], § 47.)

The question is whether the damages alleged are, in the language of the statute, sustained " by reason of any defect in (defendant's) highways or bridges, existing

because of the neglect of any town superintendent of such town." (Highway Law, section 74; *Lynch* v. *Town of Rhinebeck*, 210 N. Y. 101.) That the culvert is a part of the highway and a defect in the culvert is a defect in the highway is manifest.

Defendant contends that the commissioner (now superintendent) of highways was not liable at common law for damages to property due to acts done in the performance of his duty, of the character set forth in the complaint, and that, therefore, the town is not liable.

Prior to the adoption of the statute of 1881 above referred to, the towns were not liable for damages to persons or property caused by defective highways. The commissioners of highways were personally responsible for the negligent or wrongful performance of their duty. Their liability was carefully and wisely guarded. They did not neglect their duty to make repairs when funds were not provided for the purpose (*Garlinghouse* v. *Jacobs*, 29 N. Y. 297); nor, when doing what they had a legal right to do, they failed to exercise the best judgment or omitted to perform an act which would be neighborly, such as properly taking care of mere surface water so that it would not back up on the lands of an abutting owner. (*Gould* v. *Booth*, 66 N. Y. 62.) But this court has never held that a commissioner of highways, in the exercise of lawful dominion over the highways, might unlawfully cast water upon another's land. If the commissioner, in the course of highway construction, wrongfully cast material on the lands of another, he was hedged by no divinity. It has been said (*Gould* v. *Booth*, *supra*) that he might lawfully interfere with the natural flow of water from rain and snow upon the surface of the land. It follows not that he might turn upon the lands of another the water which previously flowed across the highway in a natural channel. For such water he is bound to provide a sufficient outlet. (*Barkley* v. *Wilcox*, 86 N. Y. 140, 144; *Hill* v. *City of Boston*, 122 Mass. 344, 358.)

The complaint alleges a negligent obstruction by defendant's superintendent of highways of the natural channel of the water by the insufficiency of the culvert, by means of which the water was thrown upon plaintiff's property to her injury, and thus sufficiently charges an unlawful act of the superintendent.

The contention that the commissioner might, in the construction or maintenance of highways, damage property with impunity if he did not interfere with travel along the surface of the highway has no foundation in any reported case and never was the law. In *Whitney v. Town of Ticonderoga* (127 N. Y. 40) the action was under the statute and the court was dealing with an injury to person sustained by one who ran over a scraper used for working highways which had been negligently left in the road. BRADLEY, J., very properly said, in this connection, that the term " defective highways " was used in the statute in reference to their condition for public travel upon them and that the impairment of a highway for public use may be no less by an obstruction placed upon its surface where there is no defect in the bed of the road than by a physical disturbance of the bed of the roadway. He was not dealing with other defects nor with injury to property. When the learned justice writing the opinion in *Winchell v. Town of Camillus* (109 App. Div. 341, 344; affirmed, without opinion, 190 N. Y. 536), a surface water case, cited the *Ticonderoga* case, he had already disposed of the question before the court on the authority of *Gould v. Booth* (*supra*), which was directly in point. He then said, by way of *dictum*, that even if a recovery could be had against the commissioner, the *town* was not liable, ". because the *statute* was intended to cover no such liability, but only such liability as resulted from defects in the highway, interfering with travel along the same."

The second question of substance in this case is thus suggested. The legislature might, in its discretion, have

so limited the liability of the town. Has it done so? Does the statute impose upon the town the full common-law liability of the commissioner for his misconduct or neglect if it results in a defective highway or only so much of such liability as results in an interference with travel along the highway?

The influence of phrases in opinions, forcibly taken from the context and applied to different facts, is illustrated by the result in this case. Bradley, J., said in the *Whitney Case (supra)*, on the facts there presented, that " the term ' defective highways ' was used in reference to their condition for public travel upon them." The word " only " has been added to what he said and a general rule evolved that the town may, through the official act of the superintendent of highways, negligently construct a highway, bridge or culvert, defective in any regard other than for travel and may thereby unlawfully damage property without incurring legal liability. A construction intended to extend town liability beyond the limits that a crabbed reading of the statute might suggest has thus been distorted into a limitation upon such liability. But, as we have said, the entire right of action against the commissioner for his misconduct or neglect is now maintainable against the town. (*Flansburg v. Town of Elbridge, supra.*)

It is urged that the town is not liable because the culvert was carefully constructed according to plans imposed upon it by the state. The fact does not appear upon the face of the complaint. We are dealing only with the sufficiency of a pleading.

The judgments appealed from should be reversed and the demurrer overruled, with costs in all courts, with leave to defendant to answer within twenty days on payment of costs.

Hiscock, Ch. J., Hogan, Cardozo, McLaughlin, Andrews and Elkus, JJ., concur.

Judgments reversed, etc.