WILLIAM BORDEN, Claimant, *v.* STATE OF NEW YORK.

## Claim No. 16140.

(State of New York, Court of Claims, October, 1920.)

Highways — failure of state to make repairs to culvert — liability of state for damages for the flooding of lands — Highway Law, § 176.

In the fall of 1918 the capstone of a culvert having a span of less than five feet, which the state had constructed under the highway on which plaintiff's premises are located, fell and sank into the stream, leaving a hole in the surface of the highway, into which a state road patrolman, following the instructions of the state's engineer, from time to time threw quantities of earth, but the filling was washed away each time, and no repairs were made to the culvert. On March 1, 1919, the stream was swollen by the usual spring thaw and the broken culvert and its obstruction of the stream preventing the discharge of water, backed up and overflowed the plaintiff's premises, damaging his barn, depositing debris and slime therein, injuring his cattle and destroying a large quantity of hay. *Held,* that the contention of the state (1) that there had been no statutory waiver of liability or exemption from suit by the state and (2) that there can be no recovery against the state for overflow due to the negligent condition or defect in a highway maintained under the patrol system, but that the statutory liability assumed under section 176 of the Highway Law, extends only to traffic on a

highway, and is available only to one using the highway for traffic at the time of his injury or damage, affords no basis for a dismissal of the claim. *Bowman* v. *Town of Chenango,* 227 N. Y. 459, followed.

There being no dispute as to the facts and the state conceding that claimant's loss is at least $500, an award in that amount will be allowed.

CLAIM for damages resulting from defective culvert.

Wilbur & Winslow, for claimant.

John H. Clogston, deputy attorney-general, for state of New York.

CUNNINGHAM, J. The claimant was the owner and occupant of a farm located along the highway constructed and improved by the state, leading from Utica to Frankfort. On his premises was a large barn used for livestock and hay. Just northerly of the barn was a culvert under the highway, the length or span of which was less than five feet. The culvert permitted a small, natural stream of water, which flowed northerly across claimant's premises, to pass under the highway. In September, 1918, the capstone or top of the culvert fell in and sank down into the stream. This created a hole in the road surface. A state road patrolman was on duty at this point. He knew of this condition. He notified the state's engineer who was his immediate superior, and, following the latter's instructions, from time to time thereafter, threw quantities of earth into the hole in the road surface, which disappeared and was washed away each time. No repair was made to the culvert itself. The fallen top or capstone settled more and sank lower with the lapse of time. These conditions prevailed until March, 1919. On March 1, 1919, the stream was swollen by the usual spring thaw. The broken culvert and its

obstruction of the stream prevented the discharge of the water, which backed up and overflowed claimant's premises, damaging his barn, depositing debris and slime in it, injuring his cattle and destroying a large quantity of hay. He proved, and the state conceded his loss to be at least $500. The facts were undisputed, the state adducing no testimony.

A motion to dismiss the claim was made substantially on the following grounds: (1) That there had been no statutory waiver of liability or exemption from suit by the state; (2) That there can be no recovery against the state for overflow due to the negligent condition or defect in a highway maintained under the patrol system, but that the statutory liability assumed by the Highway Law, section 176, extends only to traffic on a highway, and is available only to one using the highway for traffic at the time of his injury or damage; (3) That there was no proof that the highway was maintained, at the times mentioned, by the state under the patrol system; (4) And that from fall until spring generally, and specifically, from the fall of 1918 to the spring of 1919, while a patrolman was not actually employed on the highway, no liability could accrue, or did accrue against the state.

The first two reasons for dismissal urged are akin and may be considered together. A recent decision of the Court of Appeals expresses with finality the principle that the exemption of the state from liability for the negligence of its officers and employees is universal, except in those instances, in which, by specific statute, it has waived the exemption and assumed the liability. *Smith* v. *State of New York*, 227 N. Y. 405. The claimant predicates this proceeding on a statute which he contends specifically assumes on behalf of the state liability for defects of this class in its highways. It is the Highway Law, section 176

(Laws of 1909, chap. 30, § 176, as amended), which reads in part as follows:

" § 176. Liability of state for damages.— The state shall not be liable for damages suffered by any person from defects in state and county highways, *except such highways as are maintained by the state by the patrol system,* but the liability for such damages shall otherwise remain as now provided by law, notwithstanding the construction or improvement and maintenance of such highways by the state under this chapter; * * *."

Paraphrased, the portion of the statute quoted, in which we are interested, may be said to provide as follows: " The state shall be liable for damages suffered by any person from defects in state and county highways maintained by the state by the patrol system."

Our problem is to apply this statute to the facts in this case. We have no knowledge of any previous case in which this statute has been construed judicially in this respect. The language with which we have to deal is substantially identical with that defining the liability of towns for their defective highways. The Highway Law, section 74, reads: " *Every town shall be liable for all damages to persons or property sustained by reason of any defect in its highways or bridges,* existing because of the neglect of any town superintendent of such town."

The latter section has been the subject of construction by the courts of this state.

In *Winchell* v. *Town of Camillus,* 109 App. Div. 341; affd., without opinion, 190 N. Y. 536, the action was brought under the section last quoted to recover damages for negligence in permitting a sluiceway across a highway, under the traveled part thereof, to become filled up so as to set back surface water accustomed to

flow through the same upon the claimant's premises. The court pointed out, in the first instance, that the superintendent of a town owes no duty to an adjoining owner to provide a channel for the drainage of surface water, citing *Gould* v. *Booth,* 66 N. Y. 62, and other cases; and that, for this reason, no recovery could be had. The court went further and proceeded to discuss the statute defining the liability of towns thus: " The town was not liable because the statute was intended to cover no such liability, but only such liability as resulted from defects in the highway, *interfering with travel along the same,"* citing *Barber* v. *Town of New Scotland,* 88 Hun, 522; and *Whitney* v. *Town of Ticonderoga,* 127 N. Y. 40. It is evident that the latter animadversion of the court was not essential to the determination of that case, and was mere dictum. It had been so held in a recent case in the Court of Appeals (*Bowman* v. *Town of Chenango,* 227 N. Y. 459) in which that court, Pound, J., writing, refused to accede to the restricted and limited construction suggested by the opinion in *Winchell* v. *Town of Camillus, supra.* Indeed, it is difficult to conceive an appellate court in this day, unfettered by precedent, reaching any other conclusion. Every-day sense, as well as the plain and ordinary interpretation of the phraseology involved, excludes what Judge Pound characterizes as " a crabbed reading of the statute."

Unlike the case of *Winchell* v. *Town of Camillus, supra,* the stream involved in this claim is a natural, living stream. For obstruction thereof, liability follows. *Bowman* v. *Town of Chenango, supra.* In all respects, this claim is squarely within the principles of the latter case, and the first and second grounds urged afford no basis for dismissal.

It is unnecessary to discuss at length the other two points raised by the state on its motion. We regard

the proof as ample that the road was under the patrol system. The patrolman himself testified that he was in charge of it, did the work upon it as patrolman, and made the repair at the point of defect under the direction of his superior. The inference is justifiable and necessary, in the absence of any proof to the contrary, that the road was maintained under the patrol system at the time. Furthermore, there is no basis for the contention that there is a seasonal hiatus in the state's liability for defects in its highways under the patrol system. The road is maintained " under the patrol *system* " even in those months when the patrolman is not actually at work on the road, because of climatic conditions. It is the administration of that very system which prescribes the periods respectively when work shall or shall not be done on the road. It would be a farcical construction of the statute so to construe it as to remove liability from the state during such periods of time as the patrolman is not actually employed on the highway. The town has no power or jurisdiction over the maintenance of the highway during the winter months, yet such a construction would require the town to be responsible for injuries during that period, or that there be no liability at all during that period. A highway placed under the patrol system is under it at all times, notwithstanding that the highway department, in administering the system, considers proper, adequate and complete maintenance for the year may be accomplished during the working months, and excluding winter.

The claimant is entitled to an award against the state in the sum of $500.

ACKERSON, P. J., concurs.

Judgment accordingly.