**PARKER, Adm'x, v. KIMBERLIN et al.**

No. 19063. Opinion Filed June 25, 1929.

Rehearing Denied Dec. 10, 1929.

O. T. Shinn and Walter Marlin, for plaintiff in error.

Bowling & Farmer, for defendants in error.

HERR, C. This is an action originally brought in the district court of Garvin county by Edith Parker, administratrix of the estate of John A. Johnson, deceased, against Ernest Kimberlin, C. A. Rottenberry, and S. M. Muse, to recover damages because of the death of the said John A. Johnson, alleged to have been caused by and through the negligence of defendants. The trial court

sustained a demurrer to plaintiff's evidence. Plaintiff appeals.

The death of Johnson occurred September 13, 1925, and was caused by his automobile skidding and sliding off of a bridge. The bridge was 65 feet in length, 14 feet in width, and was located on a county highway. It was constructed by the county sometime during the year of 1912, and spanned Panther creek. The floor of the bridge was 20 feet above the bottom of the creek. Deceased fell a distance of 20 feet, causing his death.

At the time of the accident, defendants were members of the board of county commissioners of Garvin county, but neither of them was such member at the time the bridge was constructed. This act of negligence relied on by plaintiff is the failure on the part of the board of county commissioners to place banisters or guard rails on said bridge. For their failure so to do it is contended the commissioners are individually liable.

Sections 10024 and 10056, C. O. S. 1921, relied on by plaintiff, provide as follows:

"All bridges more than 20 feet long shall be under the control and supervision of the board of county commissioners."

"The board of county commissioners shall provide all roads improved, under the provisions of this article, with suitable bridges of a permanent and substantial character, and shall keep and maintain same in repair."

It is argued that defendants, as members of the board of county commissioners, under these sections, are individually liable because of this alleged negligent construction and maintenance of the bridge. It is settled by the decisions of this court that county commissioners may be held individually liable in damages for injuries occasioned by and through their negligence in failing to keep bridges on county highways in proper repair. Mott v. Hull, 51 Okla. 602, 152 Pac. 92; Strong v. Day, 61 Okla. 166, 160 Pac. 722; Strong v. Day (2nd App.) 73 Okla. 291, 176 Pac. 401. These decisions are relied on by plaintiff, and the argument is advanced that it was for the jury to determine from all the facts and circumstances whether the absence of banisters or guard rails constituted negligence in this particular case. In support of this contention, 9 C. J. 477 is cited. It is there said:

"Where guard rails to a bridge or its approaches are clearly necessary for the safety of travelers, a failure to erect or properly maintain them is negligence for which the municipality or company charged with the duty to maintain is liable to a party who, in the observance of due care, is injured by reason of such neglect; and this it seems is so, although there is no statutory requirements that guard rails should be placed on the bridge."

The bridge, in the instant case, was constructed long prior to the induction of these defendants into office; they could, therefore, in no event, be held liable because of the alleged negligent construction of the bridge. In the case of Strong v. Day, 61 Okla. 166, this court says:

"We have confined our remarks to a discussion of the duty to repair. So far as the petition alleges defects in the original construction, there being no allegation that these defendants were in office at the time the bridge was first built, we are of opinion that no liability can be fastened upon them in that regard. If any cause of action exists for negligence in the original construction, the right of action is against the persons in office at that time. It does not extend to their successors. Lament v. Haight, 44 How. Prac. (N. Y.) 1."

It is, however, argued by counsel for plaintiff that defendants in the instant case should be held liable because of their negligence in maintaining the bridge in an unsafe condition; that it was their duty to supply the bridge with proper guard rails and that, having failed to do so, they are liable.

Whether or not defendants might have been held liable had it been shown that funds were available for this purpose, or by the exercise of proper diligence could and should have been made available, we need not here determine. It is sufficient to say that no such showing has been made, and that in the absence of such showing no liability could attach to them.

In the case of Strong v. Day (2nd. App.) 73. Okla. 291, it is said:

"These instructions properly submitted to the jury the degree of care required of the county commissioners in matters of this character, and the court properly told the jury that before the defendants would be liable for a failure to repair, it must be shown from the evidence that the county had the funds with which said repairs could be made. * * * The evidence does not disclose when the timber in this bridge became decayed, nor does the evidence show that the county had the funds at any time during the official life of the defendants to repair this bridge. It is not sufficient to show that there was so much money in the road and bridge fund of the county at a certain date, but it must be shown that the money was there unappropriated for other purposes. This is not

shown by the record. In the absence of that showing, the jury could not. have returned a verdict, under the instructions of the court and under the law of this case, for the plaintiff below."

See, also, Nagle v. Wakey (Ill.) 43 N. E. 1079; Gould v. Booth, 66 N. Y. 62.

Under the record there was no error in sustaining defendants' demurrer to plaintiff's evidence. Judgment should be affirmed.

BENNETT, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.