ROSARIO ORTALANO, Claimant, v. THE STATE OF NEW YORK, Defendant.

(Claim No. 21768.)

CAMELLA GUILANO, Claimant, v. THE STATE OF NEW YORK, Defendant.

(Claim No. 21769.)

Court of Claims, January 10, 1934.

*Howard A. Wolff*, for the claimants.

*John J. Bennett, Jr.*, Attorney-General [*Arthur T. McAvoy* of counsel], for the defendant.

RYAN, J. In the work of eliminating a railroad grade crossing by constructing the highway over the railroad the State cut off and abandoned for the distance of about 800 feet the old ditch running along the south side of the road. At the railroad a new ditch was constructed under the new overhead bridge and across the bed of the old highway. It ran from southeast to northwest about 100 feet, turned toward the west, converged toward the highway, and then ran parallel to it to a culvert.

The culvert had existed for many years and was not rebuilt or altered when the grade crossing elimination work was done. The new ditch brought more water to the culvert on the north side of the highway. This was due to the run off formerly carried by the now abandoned 800 feet of south side ditch flowing over to the north side and also due to the increased amount of water shed from the fill and embankment of the new overhead highway.

After two heavy rain storms, one on June 18 and the second on July 3, 1930, the culvert failed to take care of the water. It was either of insufficient capacity or at too high an elevation for the new ditch or faulty in both respects. The result was the water backed up on claimants' lands and destroyed growing crops of celery and onions. Claimants definitely determined that their celery crop was a loss about the middle of August; the onion crop about the middle of September. Claim was filed January 21, 1931.

The claims were filed in time. Section 12-a of the Court of Claims Act does not apply. Section 176 of the Highway Law does apply. The inadequate culvert was a defect in the highway. (*Bowman* v. *Town of Chenango*, 227 N. Y. 459, 463, 464; *Borden* v. *State of New York*, 113 Misc. 232.)

However, claimants' damages were caused by surface water. For this there can be no recovery. (*Gould* v. *Booth*, 66 N. Y. 62; *Winchell* v. *Town of Camillus*, 109 App. Div. 341; affd., 190 N. Y. 536; *Whitney* v. *Town of Ticonderoga*, 127 id. 40; *Barkley* v. *Wilcox*, 86 id. 140; *Bull* v. *State of New York*, 231 App. Div. 313.)

Therefore, the claims must be dismissed.

ACKERSON, J., concurs.