CARMINE CASTELLANI and FANNY CASTELLANI, Claimants, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24321.)

JOSEPH ARCIERI and NOVENA ARCIERI, Claimants, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24322.)

JOSEPH RECHICHI and ROSE RECHICHI, Claimants, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24323.)

JAMES O. SEBRING, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24338.)

JOSEPHINE CARTELLA, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24365.)

MINNIE CARTELLA, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24366.)

Court of Claims, January 6, 1937.

*Wilbur F. Knapp*, for the claimants Castellani, Arcieri, Rechichi and Cartella.

*James O. Sebring*, claimant in person.

*John J. Bennett, Jr., Attorney-General [Owen Begley, Assistant Attorney-General*, of counsel], for the defendant.

RYAN, J.  Each of the above-entitled claims appears upon the calendar of this court for the Rochester district.  Together they constitute six out of a group of fifty or more claims pending against the State all of which have their incidence in the disastrous floods of July 8, 1935.

. By order to show cause the Attorney-General has moved to dismiss each of these claims upon the ground that they were not filed in accordance with the provisions of the Court of Claims Act as it read prior to the amendments of 1936 (Laws of 1936, chap. 775). It is undisputed that in each of these claims there was a complete failure to file either a claim or notice of intention with the Superintendent of Public Works.  Besides, in each case there was a failure to file a claim or notice of intention with the clerk of the court or with the Attorney-General within sixty days after July 8, 1935.

In the Castellani, Arcieri and Rechichi cases the claims were filed with the clerk of the court and with the Attorney-General within six months after July 8, 1935.  The Sebring claim was not filed with the clerk or with the Attorney-General until February 1, 1936, and the two Cartella claims were not filed with the clerk or the Attorney-General until February 28, 1936.

Upon this record and considering the statute as it read in 1935, this court would have no alternative but to grant the motions to dismiss.  However, when the motions were argued, counsel for the claimants, recognizing the situation confronting him, applied orally to the court for permission to avail himself of the provisions

of chapter 775 of the Laws of 1936, and in particular of the rights granted by subdivision 5 of section 15 of the Court of Claims Act as it now reads. The court granted this opportunity and instructed counsel to make formal application by written affidavit. Each claimant has served and filed an affidavit accompanied by notice of motion in which reference is made to the claim already on file with the clerk as that which it is now proposed to file with the court's permission. The Attorney-General objects to the incorporation of the existing pleading in the motion papers. He urges that the filed claims must first be dismissed before claimants are granted the relief asked. We can see no necessity for this duplication of effort. Claimants have followed the direct and simple procedure indicated at the time of the argument. It is in keeping with the spirit and intent of the 1936 enactment. The claims are all before the court and the Attorney-General has been apprised of their contents. Nothing is to be gained by dismissing them and filing new claims which would be only copies of those stricken.

As to the merits of claimants' applications, it appears that they are timely, having been made within two years of July 8, 1935. It further appears that the State of New York or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claims. The floods were events of major importance to State and Nation. Careful investigations of their cause and effects were made by the State of New York and its engineering forces. The State cannot have been substantially prejudiced by the failure of the claimants to sooner file their notices of intention.

Three of the claimants whose claims were filed with the clerk of the court and served on the Attorney-General January 7, 1936, offer as an excuse for their failure to file within sixty days, the statement that they were advised by counsel that inasmuch as their claims were based on an alleged defect in a State highway they had six months within which to file them. That such advice was given is not surprising. (See former Court of Claims Act, § 15, and former Highway Law, § 176.) A defect in the highway was long " distinguished from a condition existing by reason of misfeasance or negligence." (*Hinds* v. *State*, [1932] 144 Misc. 464; affd., 240 App. Div. 742; affd., 264 N. Y. 525.) And this court repeatedly held that the six months' limitation on filing applied. (*Ortalano* v. *State*, [1934] 150 Misc. 144; *Killoran* v. *State*, [1935] 155 id. 26.) It was not until the decision in *Consiglio* v. *State* ([1936] 247 App. Div. 832) that doubt was cast upon this ruling. Therefore, albeit

that no claim or notice of intention whatever was filed with the Superintendent of Public Works, we find the excuse of these three claimants reasonable.

The fourth claimant, Minnie Cartella, alleges like the first three that her damages were due to improper construction of a State highway but her claim was not filed within six months with any department of the State. The fifth claimant, Josephine Cartella, alleges that her damages resulted through the negligence of the State, " its agents, servants and employees in the maintenance of the Canisteo River, its bank and depth and in not properly cleaning out the same and dyking same and keeping it in its course and straight and navigable." The sixth claimant, James O. Sebring, who is an attorney at law but who has been in ill health for many months, alleges that his damages are based on the negligent maintenance of the Cohocton river.

The fifth and sixth claims above mentioned charge the State with responsibilities which may appear to be new and unusual but the question of the State's liability is not before us at this time and can be determined only after a hearing upon the merits.

While the excuses presented upon some of these applications may not be the best in the world, they are we think reasonable, and in view of the general situation and the large number of flood claims filed, the extensive investigations which have been made by the State officials, and in the interests of justice, the applications under section 15, subdivision 5, should be granted. The motions to dismiss the claims are denied. Enter order accordingly.

BARRETT, P. J., concurs.